## APPEAL OF WALTER T. SMITH.

Docket No. 4841.   Decided July 27, 1926.

Value of certain securities received as compensation for services determined.

*J. S. Y. Ivins, Esq.*, for the petitioner.
*Geo. G. Witter, Esq.*, for the Commissioner.

Before STERNHAGEN and ARUNDELL.

The Commissioner has determined a deficiency in income taxes for the years 1919 and 1921 in the amounts of $10,641.40 and $6,174.44, respectively. The question involved is the valuation of certain securities received by petitioner as compensation for services rendered by him to the George A. Fuller Co.

### FINDINGS OF FACT.

During the years 1919 and 1921 petitioner was employed in an executive capacity by the George A. Fuller Co. of New York City. In addition to a fixed salary, he had a contract with the company that he should receive a certain proportion of the profits of the company. Under the terms of the contract, where the company received its profits in cash, his share was to be paid to him in cash, and where the company received its profits in securities, he was to receive a ratable proportion of such securities.

Petitioner received during the year 1919, as part of his profits under the profit-sharing contact with the George A. Fuller Co., 25 bonds of the Bowman Hotel Corporation, and during the year 1921 he received ten bonds of the Bowman Hotel Corporation and four bonds of the Kerr Building Co. The par value of each of the bonds received was $1,000.

The bonds of the Bowman Hotel Corporation were secured by a lien upon a leasehold estate in the property known as the Hotel Commodore, situated at Lexington Avenue and Forty-second Street, New York City. These bonds, being only on the leasehold, were, in effect, junior to two mortgages on the property, totaling $5,000,000, held by the Metropolitan Life Insurance Co. of New York, and to certain annual charges for ground and building rentals. The fair market value of the bonds of the Bowman Hotel Corporation at the time of their receipt by petitioner in June, 1919, was 50 per cent of their par value, making the total fair market value of the 25 bonds received by the petitioner $12,500.

OPINION.

ARUNDELL: The evidence establishes to our satisfaction that the bonds of the Bowman Hotel Corporation at the time of their receipt by petitioner in June, 1919, had a fair market value of not to exceed 50 per cent of their face amount. Five bonds of this issue were sold during 1919 to a New York banker at that figure and this sale was the only one brought to our attention where the parties were dealing at arm's length. Offers made by other dealers in securities were in an amount not to exceed 50 per cent of the par value of the bonds. The bonds were of a speculative character and their payment upon maturity was largely dependent upon the successful operation of the Hotel Commodore, which had been in operation less than six months at the time the bonds were received by petitioner in June of 1919. The fact that the bonds were paid with interest as they fell due is not sufficient to convince us that, at the time of their receipt in 1919, they had a market value in excess of that here found. Counsel for petitioner conceded that he had no evidence as to the value of the bonds of the Bowman Hotel Corporation in 1921, nor was any evidence offered as to the value of the bonds of the Kerr Building Co., likewise received in 1921. The Commissioner's determination as to these values must therefore be approved.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*